**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Cargo Protectors, Inc.,

Plaintiff,

v.

American Lock Company,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-284 ADM/AJB

---

Randall T. Skaar, Esq., Norman M. Abramson, Esq., and Eric H. Chadwick, Esq., Patterson & Keough, P.A., Minneapolis, Minnesota, on behalf of the Plaintiff.

Robert M. Ward, Esq., Lewis T. Steadman, Jr., Esq., and Michael S. Leonard, Esq., Hill & Simpson, P.C., Chicago, Illinois, and Craig D. Diviney, Esq., and Dean C. Eyler, Esq., Dorsey & Whitney LLP, Minneapolis, Minnesota, on behalf of the Defendant.

---

## I. INTRODUCTION

The above-titled matter came before the undersigned United States District Judge on April 6, 2000, pursuant to Defendant American Lock Company's ("American Lock") motion to dismiss Count II of Plaintiff Cargo Protectors, Inc.'s ("Cargo Protectors") complaint. Count II alleges breach of the parties' Idea Submission Policy & Agreement ("Idea Submission Agreement"). No oral argument was held, and the Court relies on the record and the parties' memoranda in support of and in opposition to the motion. For the reasons set forth below, the motion is denied.

## II. BACKGROUND

The factual background relevant to this matter was fully set forth in Part II of the Court's April 11, 2000 Order denying Cargo Protectors' motion for a preliminary injunction. It is

APR 1 9 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

incorporated by reference herein for purposes of the present motion.

## III. DISCUSSION

Though American Lock seeks dismissal of the breach claim pursuant to Fed. R. Civ. P. 12(b)(6), American Lock supplements its motion with matters that are outside the pleadings. Thus, the motion is treated as one for summary judgment. See Fed. R. Civ. P. 12(b).

Fed. R. Civ. P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of stating grounds for its motion and demonstrating the lack of issues of genuine material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). After the moving party meets its burden, the opposing party may not simply rest on the allegations or denials of its pleadings, but must come forward with sufficient evidence to demonstrate a "genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The nonmoving party "must set forth specific facts that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When evaluating the parties' submissions on a motion for summary judgment, the evidence of the nonmoving party "is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 252. A genuine issue of material fact does not exist "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

American Lock has not met its burden in proving that there is no genuine issue as to any

material fact and that it is entitled to a judgment as a matter of law. As discussed in Part III of the April 11, 2000 Order, which is incorporated by reference herein, Cargo Protectors has not only stated a claim upon which relief may be granted, but also has shown a likelihood of success on the merits. The Court does not find any of the language in the contract dispositive of the contract claim, and a genuine issue exists as to whether American Lock breached the terms of the Idea Submission Agreement. Therefore, dismissal is inappropriate.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that American Lock's motion to dismiss [Doc. No. 30] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: April 19, 2000